IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND BIOLABS, INC., SOMALOGIC, INC., and GILEAD SCIENCES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ENZYMATICS, INC.,<br><br>Defendants. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

SomaLogic, Inc., and New England BioLabs, Inc. (together, "Plaintiffs") bring this action for patent infringement and declaratory judgment against Defendant Enzymatics, Inc. ("Enzymatics") and allege as follows.

### Parties

1. Plaintiff SomaLogic, Inc. ("SomaLogic") is a corporation organized and existing under the laws of Delaware with a principal place of business in Boulder, Colorado. SomaLogic is a privately-held protein biomarker discovery and clinical diagnostics company.

2. Plaintiff New England BioLabs, Inc. ("NEB") is a corporation organized and existing under the laws of Massachusetts with a principal place of business in Ipswich, Massachusetts. NEB is a world leader in the production and supply of reagents for the life sciences industry, offering an innovative and extensive selection of recombinant and native enzymes for genomic research.

3. Plaintiff Gilead Sciences, Inc. ("Gilead") is a corporation organized and existing under the laws of Delaware with a principal place of business in Foster City, California. Gilead

is a biopharmaceutical company that works to discover, develop, and commercialize medications to advance the care of patients suffering from life-threatening diseases.  Prior to filing this action, NEB asked Gilead to voluntarily join this action.  Gilead declined the request.  Accordingly, pursuant to Fed. R. Civ. P. 19, Gilead is named as an involuntary plaintiff to this action.  *See Ludlow Corp. v. Conmed Corp.*, No. 00-10167, 2002 U.S. Dist. LEXIS 2400, at *7 (D. Mass. 2002) ("the holder of an exclusive license under a patent may bring an infringement action either by suing in the name of the owner or, if the owner refuses to authorize that, by joining the owner as an involuntary plaintiff").

4.      Defendant Enzymatics is a corporation organized and existing under the laws of Massachusetts with a principal place of business in Beverly, Massachusetts.  Enzymatics is in the business of manufacturing and selling enzymes in competition with NEB.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States.

6.      This Court has personal jurisdiction over Enzymatics because Enzymatics (a) on information and belief, knowingly transacts a large volume of business in Massachusetts; (b) on information and belief, has committed acts of patent infringement in Massachusetts; and (c) has caused, and is causing, injury to Plaintiffs in Massachusetts.

7.      Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), because Enzymatics, on information and belief, knowingly transacts a large volume of business in this district, and, on information and belief, has committed acts of patent infringement in this district.

### The '637 Patent

8. On September 23, 1997, the United States Patent and Trademark Office lawfully issued U.S. Patent No. 5,670,637, entitled "Nucleic Acid Ligands" (the "'637 patent"). A true and accurate copy of the '637 patent is attached hereto as Exhibit A.

9. On January 23, 2001, Nexstar Pharmaceuticals, Inc. transferred all of its right, title and interest in the '637 patent to Gilead.

10. SomaLogic is the exclusive licensee of the '637 patent in the in vitro diagnostics field and has the right to sue for infringement thereof.

11. NEB is the exclusive sub-licensee of SomaLogic's rights in the '637 patent.

12. NEB has developed, and currently manufactures and markets, a product that is covered by the claims of the '637 patent.

### The '557 Patent

13. On February 23, 1999, the United States Patent and Trademark Office lawfully issued U.S. Patent No. 5,874,557, entitled "Nucleic Acid Ligand Inhibitors to DNA Polymerase" (the "'557 patent"). A true and accurate copy of the '557 patent is attached hereto as Exhibit B.

14. On January 23, 2001, Nexstar Pharmaceuticals, Inc. transferred all of its right, title and interest in the '557 patent to Gilead.

15. SomaLogic is the exclusive licensee of the '557 patent in the in vitro diagnostics field and has the right to sue for infringement thereof.

16. NEB is the exclusive sub-licensee of SomaLogic's rights in the '557 patent.

17. NEB has developed, and currently manufactures and markets, a product that is covered by the claims of the '557 patent.

5464036v5

## CLAIMS FOR RELIEF

### Claim I: Infringement of the '637 Patent

18. Plaintiffs reassert and reallege paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Enzymatics currently manufactures, markets, distributes and sells various DNA polymerases, including without limitation, Taq DSC 2.0 DNA Polymerase (Part No. P7110L).

20. Enzymatics has infringed, and continues to infringe, the '637 patent, either directly or under the doctrine of equivalents, by making, using, offering to sell, and/or selling products that infringe the '637 patent, including without limitation, Taq DSC 2.0 DNA Polymerase (Part No. P7110L).

21. Upon information and belief, Enzymatics' infringement of the '637 patent has been, and continues to be, willful, deliberate and objectively reckless. Enzymatics' willful conduct provides a basis for this Court to award enhanced damages, pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

22. Enzymatics has not obtained a license to make, use, offer to sell, and/or sell the products claimed in the '637 patent.

23. Enzymatics' infringing conduct has caused, is causing, and/or will continue to cause irreparable injury and damage to NEB, unless enjoined by this Court.

### Claim II: Infringement of the '557 Patent

24. Plaintiffs reassert and reallege paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Enzymatics currently manufactures, markets, distributes and sells DNA polymerases, including without limitation, Taq DSC 2.0 DNA Polymerase (Part No. P7110L).

26. Enzymatics has infringed, and continues to infringe, the '557 patent, either directly or under the doctrine of equivalents, by making, using, offering to sell, and/or selling products that infringe the '557 patent, including without limitation, Taq DSC 2.0 DNA Polymerase (Part No. P7110L).

27. Upon information and belief, Enzymatics' infringement of the '557 patent has been, and continues to be, willful, deliberate and objectively reckless. Enzymatics' willful conduct provides a basis for this Court to award enhanced damages, pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

28. Enzymatics has not obtained a license to make, use, offer to sell, and/or sell the products claimed in the '557 patent.

29. Enzymatics' infringing conduct has caused, is causing, and/or will continue to cause irreparable injury and damage to NEB, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment:

1. That Enzymatics has infringed, and is infringing, one or more claims of the '637 patent;

2. That Enzymatics has infringed, and is infringing, one or more claims of the '557 patent;

3. Awarding to Plaintiffs damages caused by Enzymatics' infringement and enter judgment for Plaintiffs in that amount, plus interest and costs;

4. Finding that Enzymatics' infringement has been willful and deliberate and award up to treble damages to Plaintiffs pursuant to 35 U.S.C. § 284;

5. Finding that this case is exceptional, within the meaning of 35 U.S.C. § 285, and ordering Enzymatics to pay Plaintiffs' reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

5464036v5

6. Entering a preliminary and/or permanent injunction enjoining Enzymatics, their officers, directors, agents, servants and employees, and all persons in active concert or participation with them, from infringing the '637 patent and/or the '557 patent; and

7. Granting Plaintiffs such other relief as the Court deems just and proper.

## Jury Trial Demanded

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby respectfully request a jury trial on all issues triable of right by a jury.

Dated: November 14, 2012

Respectfully submitted,

NEW ENGLAND BIOLABS, INC. &
SOMALOGIC, INC.
By their attorneys,

*/s/* Michael H. Bunis
Michael H. Bunis (BBO # 566839)
Paul D. Popeo (BBO # 567727)
Margaret E. Ives (BBO # 668906)
Anita M. C. Spieth (BBO # 676302)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile:  (617) 248-4000
mbunis@choate.com
ppopeo@choate.com
mives@choate.com
aspieth@choate.com